**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

**CASE NO.**

KYLE PINKSTON,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC.

Defendant.
_______________________________________/

# COMPLAINT

COMES NOW, Plaintiff, KYLE PINKSTON (hereinafter referred to as "Pinkston" or "Plaintiff"), by and through his undersigned counsel hereby files this Complaint against Defendant, UNITED PARCEL SERVICE, INC. and as grounds hereto states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings claims arising under the Civil Rights Act of 1964, 42 U.S.C. §2000e ("Title VII") and the Florida Civil Rights Act, Fla. Stat. §760 et. Seq. ("FCRA" for discrimination based upon religion as well as retaliation.

2. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of Title VII.

3. This court has supplemental jurisdiction over Plaintiff's claims under Florida law.

4. At all times material hereto, Plaintiff was a resident of Alachua County, Florida, and is otherwise sui juris.

5. Defendant UNITED PARCEL SERVICE, INC. has a principal place of business located at 55 Glenlake Pkwy NE Atlanta, GA 30328.

6. At all times material hereto, Defendant engaged in doing business in the state of Florida, including Alachua County.

7. At all times material hereto, Plaintiff was employed with the Defendant in Alachua County.

8. Venue is proper because Defendant does business in Alachua County, and the events giving rise to this cause of action occurred in Alachua County.

## EXHAUSTION OF REMEDIES

9. Prior to initiating this Complaint, Plaintiff filed a charge of discrimination with both the Florida Commission on Human Relations ("FCHR") and the Equal Employment Opportunity Commission ("EEOC"). (**See true and correct copy of said Charge attached hereto as Composite Exhibit 1**).

10. More than one-hundred and eighty days have passed since Plaintiff filed his charge with the FCHR.

## COMMON ALLEGATIONS

11. Plaintiff was hired by Defendant on April 9, 2014.

12. Throughout his employment, Plaintiff held multiple positions, including Part time Loader, Part time Supervisor, Full-Time Supervisor, Automotive Fleet Supervisor, and Automotive Fleet Supervisor 2. During his tenure, Plaintiff consistently received promotions and positive performance reviews.

13. In May 2023, Plaintiff raised concerns about harassment from a co-worker in a work-related group chat. The co-worker made inappropriate comments directed at Plaintiff that made him uncomfortable. Plaintiff reported the harassment to his direct supervisor, Mr. Robert Aur, who was also a member of the group chat. However, Mr. Aur failed to respond to Plaintiff's complaint. On May 31, 2023, Plaintiff escalated the matter to Defendant's Human Resources (HR) department. HR responded by scheduling a follow-up interview for June 5, 2023.

14. On June 2, 2023, the same day Plaintiff initially contacted HR, Mr. Aur informed Plaintiff that his work schedule would be changed to require him to work on Saturdays. Plaintiff, who is Greek Orthodox, informed Mr. Aur that he could not work on Saturdays due to his religious observances. Despite this, Mr. Aur insisted on the schedule change.

15. During the period between Plaintiff's initial harassment complaint and

his meeting with HR on June 5, 2023, Mr. Aur issued a write-up to Plaintiff for an incident that occurred prior to the harassment complaint. This write-up was issued only after Plaintiff made his complaint to HR regarding the harassment.

16. At the June 5, 2023, HR meeting, Plaintiff reiterated his complaints of harassment and formally requested a religious accommodation for the Saturday work schedule. Despite Plaintiff's clear communication of his religious need, Defendant failed to engage in a meaningful interactive process to address Plaintiff's accommodation request.

17. Plaintiff's request for a religious accommodation was intentionally left pending by his supervisor as further retaliation for his complaints to HR regarding the supervisor.

18. Defendant intentionally disregarded Plaintiff's request for religious accommodation and forced him to work on Saturday after Plaintiff requested the accommodation.

19. Based on Plaintiff's personal knowledge, no other individual has been required to work this Saturday schedule that Defendant required Plaintiff to work.

20. From June 7, 2023, to June 21, 2023, Plaintiff was on pre-approved vacation. Upon his return, Plaintiff learned that Defendant had taken no action in response to his harassment complaint or his request for religious accommodation.

21. On June 29, 2023, Mr. Aur informed Plaintiff that an "anonymous tip" had been received concerning the integrity of Plaintiff's paperwork. Plaintiff was placed on administrative leave, but Defendant did not take any action to address Plaintiff's earlier complaints or his accommodation request. Upon information and belief, the "anonymous tip" came from Mr. Aur, who was the only individual with direct knowledge of Plaintiff's paperwork.

22. During this meeting with Mr. Aur, Aur forced Plaintiff to answer his questions without allowing Plaintiff to have a representative from HR present despite Plaintiff having active complaints pending against Mr. Aur at the time.

23. On July 27, 2023, after an alleged investigation into Plaintiff's paperwork, Defendant terminated Plaintiff's employment based on accusations of fraudulent paperwork.

24. Defendant did not give Plaintiff any documentation regarding the investigation or the specific allegations against him.

25. Defendant did not provide Plaintiff an opportunity to respond to these allegations,

26. Defendant failed to respond to Plaintiff's request for a religious accommodation.

27. Plaintiff's termination was directly linked to his protected activities,

including his complaints of harassment and his request for religious accommodation.

28. Following his termination, Defendant continued to retaliate against Plaintiff by refusing to pay off and close out a corporate credit card in Plaintiff's name. Plaintiff received numerous messages and correspondence from the credit card company, and despite responding that this was a corporate card—and passing each message on to Defendant—Plaintiff continued to be harassed regarding the card. Plaintiff's credit score has been damaged as a result of Defendant's retaliation and discrimination after his termination.

**COUNT I**
**DISCRIMINATION**
**IN VIOLATION OF 42 U.S.C. §2000e**
**TITLE VII**

29. Plaintiff incorporates by reference allegations 1 through 28 of this Complaint as if set forth fully herein.

30. Defendant is an employer as defined in Title VII.

31. Defendant employs fifteen or more employees for each working day as part of its operation.

32. Plaintiff contends that the Defendant has a policy, pattern, and practice of allowing harassing, discriminatory treatment.

33. During Plaintiff's employment, he experienced discrimination including Defendant's failure to respond to or otherwise accommodate his religious

beliefs.

34. Plaintiff contends that these policies and practices were discriminatorily motivated.

35. As a result of the disparate treatment and Defendant's failure to redress the environment, Plaintiff filed a Charge with the FCHR and the EEOC.

36. Defendant knew or should have known that Plaintiff was being discriminated against and being treated differently and more harshly than other similarly-situated employees by Defendant and its agents, employees and/or representatives.

37. By and through the conduct described above, Defendant permitted a pattern and practice of unlawful discrimination by permitting Plaintiff to be subjected to continuing discriminatory treatment on the basis of religion in violation of Title VII.

38. Plaintiff is informed and believes and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other discriminatory practices which are not yet fully known. At such time as the discriminatory practices become known, Plaintiff will seek leave of court to amend the Complaint in this regard.

39. Plaintiff suffered disparate treatment including but not limited to

termination.

40. Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees and/or representatives.

41. As a result of Defendant's conduct, Plaintiff has damages.

42. Plaintiff has suffered damages including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

43. Plaintiff further seeks statutorily provided punitive damages for the Defendant's intentional and/or reckless disregard of Plaintiff's rights under Title VII.

44. As a further result of Defendant's conduct, Plaintiff has retained the undersigned law firm as his counsel.

45. Plaintiff requests that he be awarded reasonable attorney's fees and costs of suit pursuant to Title VII.

46. Plaintiff has exhausted his administrative remedies as it relates to this cause of action in that Plaintiff has filed a charge of discrimination and more than one-hundred and eighty days have transpired. (See Exhibit 1).

47. Plaintiff suffered damages and seeks damages for his general damages,

compensatory damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to Title VII; and, that Plaintiff be awarded such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff prays that judgment be entered in his favor against the Defendant as follows: That Plaintiff be awarded general damages, compensatory damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to Title VII; and, that Plaintiff be awarded such other relief as the Court deems just and proper.

## COUNT II
## DISCRIMINATION UNDER
## FLORIDA STATUTE § 760.01, et. seq.
## FLORIDA CIVIL RIGHTS ACT

48. Plaintiff incorporates by reference allegations 1 through 28 of this Complaint as if set forth fully herein. Defendant is an employer as defined in the FCRA, Fla. Stat. § 760.01(7).

49. Defendant employs fifteen (15) or more employees for each working day as part of its daily operation.

50. Plaintiff contends that the Defendant has a policy, pattern, and practice of allowing harassing, discriminatory treatment.

51. During Plaintiff's employment, he experienced discrimination including Defendant's failure to respond to or otherwise accommodate his religious

beliefs.

52. Plaintiff contends that these policies and practices were discriminatorily motivated.

53. As a result of the disparate treatment and Defendant's failure to redress the environment, Plaintiff filed a Charge with the FCHR and the EEOC.

54. Defendant knew or should have known that Plaintiff was being discriminated against and being treated differently and more harshly than other similarly-situated employees by Defendant and its agents, employees and/or representatives.

55. By and through the conduct described above, Defendant permitted a pattern and practice of unlawful discrimination by permitting Plaintiff to be subjected to continuing discriminatory treatment on the basis of religion in violation of FCRA.

56. Plaintiff is informed and believes and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other discriminatory practices which are not yet fully known. At such time as the discriminatory practices become known, Plaintiff will seek leave of court to amend the Complaint in this regard.

57. Plaintiff suffered disparate treatment including but not limited to

termination.

58. Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees and/or representatives.

59. As a result of Defendant's conduct, Plaintiff has suffered general and compensatory damages.

60. Plaintiff has suffered damages including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities and the like, as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

61. Plaintiff further seeks statutorily provided punitive damages for the Defendant's intentional and/or reckless disregard of Plaintiff's rights under the FCRA.

62. As a further result of Defendant's conduct, Plaintiff has retained the undersigned law firm as his counsel.

63. Plaintiff requests that he be awarded reasonable attorney's fees and costs of suit pursuant to Florida Statute §760.11(5).

64. Plaintiff has exhausted his administrative remedies as it relates to this cause of action in that Plaintiff has filed a charge of discrimination and more than one-hundred and eighty days have transpired. (See Exhibit 1).

65. Plaintiff suffered damages and seeks damages for his general damages, compensatory damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the FCRA; and, that Plaintiff be awarded such other relief as the Court deems just and proper.

WHEREFORE, Plaintiff prays that judgment be entered in his favor against the Defendant as follows: That Plaintiff be awarded general damages, compensatory damages, punitive damages, and prejudgment interest; that Plaintiff be awarded reasonable attorney's fees and costs pursuant to the FCRA; and, that Plaintiff be awarded such other relief as the Court deems just and proper.

## COUNT III – RETALIATION
## IN VIOLATION OF TITLE VII, 42 U.S.C. §2000e

66. Plaintiff incorporates by reference allegations 1 through 28 of this Complaint as if set forth fully herein.

67. Plaintiff engaged in protected activities in that he objected to harassing treatment and attempted to seek to a religious accommodation.

68. Plaintiff has been subjected to a pattern of retaliation.

69. Specifically, Plaintiff was subject to adverse employment treatment including, but not limited to, his termination.

70. Plaintiff contends that his termination and other treatment are in retaliation for his protected activity.

71. Plaintiff has exhausted all administrative remedies prior to bringing this lawsuit.

72. Plaintiff contends that his complaints were causally related to the disciplinary actions.

73. By and through the conduct described above, Defendant permitted a pattern and practice of unlawful retaliation in violation of Title VII.

74. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other retaliatory practices against him which are not yet fully known. At such time as such retaliatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

75. Plaintiff suffered damages as a result of Defendant's conduct, by and through its agents, employees, and/or representatives.

76. Plaintiff has suffered injuries including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities, and other damages as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

77. Plaintiff also seeks punitive damages for the Defendant's conduct in reckless disregard of his rights.

78. As a further direct and proximate result of the Defendant's violation as herein described, Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff will incur and continue to incur reasonable attorney's fees and costs. Plaintiff requests that his attorney's fees be awarded pursuant to Title VII.

WHEREFORE, Plaintiff prays that judgment be entered in his favor against the Defendant, as follows: That Plaintiff be awarded general and compensatory damages, prejudgment interest, punitive damages, and injunctive relief; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to the Title VII; and that Plaintiff be awarded such other relief as the Court deems just and proper.

## COUNT IV
## RETALIATION
## IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT, §760

79. Plaintiff incorporates by reference allegations 1 through 28 of this Complaint as if set forth fully herein.

80. Plaintiff engaged in protected activities in that he objected to harassing treatment and attempted to seek to a religious accommodation.

81. Plaintiff has been subjected to a pattern of retaliation.

82. Specifically, Plaintiff was subject to adverse employment treatment including, but not limited to, his termination.

83. Plaintiff contends that his termination and other treatment are in retaliation for his protected activity.

84. Plaintiff has exhausted all administrative remedies prior to bringing this lawsuit.

85. Plaintiff contends that his complaints were causally related to the disciplinary actions.

86. By and through the conduct described above, Defendant permitted a pattern and practice of unlawful retaliation in violation of the FCRA.

87. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Defendant may have engaged in other retaliatory practices against her which are not yet fully known. At such time as such retaliatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

88. Plaintiff suffered damages as a result of Defendant's conduct, by and through its agents, employees, and/or representatives.

89. Plaintiff has suffered injuries including compensatory damages for wage loss, front pay, back pay, pain and suffering, humiliation, loss of opportunities, and other damages as a result of the Defendant's conduct, by and through its agents, employees and/or representatives.

90. Plaintiff also seeks punitive damages for the Defendant's conduct in reckless disregard of his rights.

91. As a further direct and proximate result of the Defendant's violation as herein described, Plaintiff has been compelled to retain the services of the undersigned law firm. Plaintiff will incur and continue to incur reasonable attorney's fees and costs. Plaintiff requests that his attorney's fees be awarded pursuant to Fla. Statute §760.11.

WHEREFORE, Plaintiff prays that judgment be entered in his favor against the Defendant, as follows: That Plaintiff be awarded general and compensatory damages, prejudgment interest, punitive damages, and injunctive relief; that Plaintiff be awarded reasonable attorney's fees and costs of suit pursuant to the FCRA; and that Plaintiff be awarded such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff further demands a trial by jury for all matters so triable.

Dated this 28th day of 2025.

SCOTT LAW TEAM, LLC
250 South Central Boulevard, Ste 205
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Gabriel T Roberts
Gabriel T. Roberts, Esq.

Florida Bar No.: 1018435
Primary e-mail:GRoberts@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com